Opinion by
White, P. J.
§ 712. Baggage; money as; rules as to; case stated. Appellee, recovered judgment against appellant for the value of a trunk and its contents, $200. The contents of the trunk consisted in part of $150. He was a passenger on appellant’s road, and the trunk was “carried as his baggage, and was broken open and the money, etc., lost while in transit. It is contended by appellant that the court erred in giving judgment for $150 money, for the reason that it did not appear that such sum of money could legitimately be considered part of a passenger’s baggage; and appellant’s proposition is that, where suit is brought for the loss of money from a passenger’s trunk while the same is being carried by a railroad company as baggage, it is incumbent upon the plaintiff to prove that it was being carried for the actual or incidental and contingent expenses of the journey on which the plaintiff was traveling, and that unless such fact be made to appear in evidence, judgment must be rendered for the company. The evidence showed that appellant was a preacher who resided in Brenham. He placed the money in his trunk with his clothing at his home, and started therewith to go to San Antonio. He traveled via Temple and Austin to San Antonio, and the loss of the contents of the trunk occurred on appellant’s line between Austin and San Antonio, or at one or the other of those *625 places. By the weight of authority it seems to be now settled that a passenger may carry as baggage such reasonable amount of money for traveling expenses as would ordinarily be required for such a journey. “ What is a reasonable amount of money for traveling expenses depends upon the length of the journey, the mode of travel and the position in life of the passenger, and should not exceed what a prudent-person would take with him under the circumstances. What such an amount is is a question for the jury.” [Thompson on Carriers, 511.] Mr. Hutchinson, in his work on Carriers, discussing what “baggage” is, says: “It has been held that it will embrace money bona fide carried in the passenger’s trunk for traveling expenses and personal use to an amount not exceeding what a prudent person would deem proper and necessary for that purpose, but not money beyond that amount or intended for other purposes.” And in a note to the text quoted it is said: “ The amount of money which may be thus carried will depend upon the length of the journey, the circumstances and condition of the passenger, and other considerations to be weighed by the jury. The amount will not be limited to what may be barely sufficient to defray the expenses of the journey, but enough may be carried in this Way to meet all the contingencies of delays and stoppages or other incidental expenses which the passenger may be required to incur in going and returning, if it be his intention to return when the object of his journey has been accomplished.” [Hutch, on Carriers, 539.] “ For money which is included bona ficle in the passenger’s baggage for his traveling expenses and personal use on the journey, not, however, exceeding a reasonable sum, it is now well settled a passenger carrier is liable as an insurer.” [Story on Bailments, § 345.] We think the evidence establishes sufficiently the facts which, under the law, entitled ap • pellee to recover judgment for the contents of the trunk, including the money.
May 14, 1885.
Affirmed.